### 10560

### MURPH v. LINCOLN RESERVE LIFE INSURANCE COMPANY.

(105 S. E. 698.)

1.  INSURANCE—EVIDENCE HELD TO RAISE ISSUE FOR JURY AS TO APPLICA-TION FOR AND ISSUANCE OF POLICY, ITS AMOUNT AND THE BENEFICI-ARY.—In an action for the face value of a life insurance policy which plaintiff alleged would have been delivered before the death of insured except for the negligence of insurer's agent, testimony by plaintiff, a letter from the insurer, and admissions in the answer *held* to show sufficiently that an application for the insurance was made, that the policy was written and sent to the agent for delivery to the insured, that the amount of the policy was as stated, and that plain-tiff was the beneficiary named therein, so that it was error to direct a verdict for plaintiff's failure to prove those facts.

2. APPEAL AND ERROR—TO REVIEW ADMISSION OF EVIDENCE, RULING ON OBJECTION IS NECESSARY.—Where objections were made to questions asked witnesses, but Court made no ruling thereon, the Supreme Court cannot, on appeal from an order directing a verdict against the party offering the evidence, hold that the answers to those questions were incompetent.

3. EVIDENCE — WHOLE ANSWER RELIED ON AS ADMISSION MUST BE RECEIVED.—Where plaintiff relies upon the answer as an admission by defendant, all that part of the answer relating to the pertinent subject should be admitted in evidence, not merely the asserted admission.

Before BOWMAN, J., Calhoun, May term, 1919. Reversed.

Action by Lula Murph against Lincoln Reserve Life Insurance Company *et al.* From directed verdict for defendants, the plaintiff appeals.

*Messrs. W. R. Symmes* and *J. G. Stabler,* for appellant, cite: *Liability of company on policy not actually delivered:* 63 S. C. 198; 71 S. C. 360; 68 S. C. 391; 105 S. C. 305. *Return of premium unavailing:* 63 S. C. 198. *Issue is for jury if there is any competent, relevant evidence:* 106 S. C. 419; 106 S. C. 317.

*Mr. M. M. Mann,* for respondent, cites: *Exclusion of testimony as to conversation with agent, as varying terms of a written instrument, was proper:* 69 S. C. 362.

January 31, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on a policy of life insurance, and the appeal is from an order directing the jury to find a verdict in favor of the defendants.

The allegations of the complaint, except the first, are as follows:

"(2) That on or about the 15th day of December, 1918, J. Frank Murph, the husband and father of the plaintiffs herein, insured his life for the sum of $1,000, in the defendant company, which insurance was written by the defendant, Ballard, in favor of the plaintiffs herein, as the beneficiaries for the said policy.

"(3) That the said policy on the life of J. Frank Murph was duly accepted by the defendant company, and the policy issued and forwarded to their agent, J. S. Ballard, which was duly received by him, the said agent, to be delivered to the said J. Frank Murph, which policy was never delivered, through neglect of the agent, the said J. S. Ballard; that the said J. Frank Murph paid $10 to the said J. S. Ballard, agent, at the same time he wrote the insurance, and the said $10 was duly receipted by the said J. S. Ballard, agent, as part payment of the premium on said policy; that the insured was never notified that the said policy was ready for delivery by J. S. Ballard, agent, as he promised so to do, and insured died while the policy was in the possession of the agent, J. S. Ballard.

"(4) That J. S. Ballard, agent, upon learning of the death of the insured, J. Frank Murph, sent the policy back to the Lincoln Reserve Life Insurance Company, and directed that the same be canceled, and the same was canceled by the defendant company, thus depriving and defrauding the plaintiffs herein, as beneficiaries of said policy, out of the face value of the policy, to wit, $1,000."

The answer of the defendants, except the first paragraph, is as follows:

."(2) Denies the allegations contained in paragraphs 2, 3 and 4 of the complaint.

"(3) Further answering the complaint, this defendant

alleges that on or about the 15th day of December, 1918, one J. Frank Murph applied for a policy for $1,000 in defendant company, in favor of Lula Murph, and signed application therefor, and by the terms of said application the policy was to have no force until same was delivered to J. Frank Murph while he was in good health and until the first premium had been paid, and that the said Murph died before the policy was delivered to him, and the first premium was never paid, and no contract of insurance was ever entered into, and said policy never became effective.

"(4) That after the death of the said Frank Murph defendant company refunded to Lula Murph the $10 paid by the said Murph at the time the policy was written, and said Lula Murph accepted same, and thereby waived all claim, if any she had, against defendants."

At the conclusion of the testimony for the plaintiff, the defendant moved for a directed verdict, on the ground that the plaintiff had not shown that any application had ever been made by the deceased for insurance, nor any policy had ever been written for the said J. Frank Murph, and further that plaintiff had not proved any amount that the policy was written for, nor had not proved that the plaintiff was the beneficiary under the policy. The Court, after hearing argument, directed a verdict for the defendants.

The first ground we will consider is whether there is any testimony tending to show that any application had been made by the deceased for insurance.

The plaintiff testified as follows:

"That she is the widow of J. Frank Murph, who died on the 15th day of January, 1919; that her husband, the said J. Frank Murph, did take out a policy of insurance on his life before he died for $1,000 in the Lincoln Reserve Life

21—S. C. 115.

Insurance Company, through its agent, J. S. Ballard. Later a letter came from, Lincoln Reserve Life Insurance Company to J. Frank Murph acknowledging his application (which was allowed in evidence and marked Exhibit A) and dated 12-30-18, which reads as follows (letterhead omitted) : Dear Sir : This will acknowledge your application for insurance in the Lincoln Reserve Life through our agent, Mr. Ballard, in the sum of $1,000. Your application is having prompt consideration. We will be greatly pleased to have you as one of our many policyholders. You may expect the best of treatment from our company at all times. Again thanking you, we remain very truly yours. (Signed) J. R. Burns, Secretary. To Mr. Jno. F. Murphy, Rt. No. 1, Box 66, St. Matthews, S. C.'—but before the policy was delivered to J. Frank Murphy he died.

"Q. He took out a $1,000 policy with the Lincoln Reserve Insurance Company?

"Mr. Mann : They are suing here on a policy of insurance, and before they can go into what that policy was they have to first produce the policy. It is a written instrument, and she cannot testify as to the terms.

"The Court : The witness can state that her husband took out a policy.

"Q. Your husband took out a policy with the Lincoln Reserve Insurance Company? A. Yes, sir."

The following appears in the agreed statement of facts in the record :

"Ten dollars was paid the agent, J. S. Ballard, of the company at the time the application was written, but was paid back by the company to Lula Murph, the alleged beneficiary, after the death of the insured, the said J. Frank Murph."

The foregoing testimony shows that there was an application for insurance by the deceased. The next question is whether there was testimony to the effect that the policy had been written before the death of J. Frank Murph. J. S. General, a brother of the plaintiff, thus testified:

"Q. Did he, J. S. Ballard, say anything about why he didn't deliver the policy? A. Yes, sir; when I asked him. Q. What did he say? A. He said that he did not deliver the policy because Murph was sick, and he could not deliver it, not while Murph was sick. Mr. Mann: We object. Counsel is trying to establish the provisions of a contract which contract has never been brought into Court. Q. The policy came, and he turned it back because he did not have authority to deliver the policy to a sick man? Mr. Mann: We object to his introducing any statement of what was told his witness as a part of his case. We want him to prove his case in the proper way. Mr. Symmes: This is admitted by their answer."

It does not appear from the record that his Honor ruled upon the objection to the questions propounded; therefore, this Court cannot now say that the testimony was incompetent. There is, however, other evidence of the fact that the policy was written and sent to the agent of the company, J. S. Ballard, viz., the answer of the defendants, upon which the record shows the plaintiff's attorneys relied as an admission of such fact.

If the plaintiff relies upon certain allegations of the answer as admissions in his favor, the whole answer should be admitted in evidence, in so far as it relates to that particular part. *Carrier v. Hague,* 9 S. C. 454. In that case the rule is thus stated: "Thus the pleadings leave upon the plaintiff the *onus probandi,* and the allegations of the answer are but a proffer of the points upon

which defendant relies to sustain her denial. Prior to the opening of the defense the plaintiff resorts to the answer and produces it as evidence in his behalf. He must take it as it stands, and cannot be permitted to carve out a part and reject the residue, which qualifies, explains, or pertains to the portion selected. (Citing authorities.) The whole answer should have been admitted as evidence so far as it explains or qualifies or is properly connected with the portions relied on by the plaintiff. This lets in evidence of both the facts in question, viz. * * * "

Applying this principle to the case under consideration. it was error to direct a verdict on the ground that the policy was not written and sent to the agent of the company.

The next question is whether the plaintiff had proved any amount for which the policy was written. The letter, as well as other testimony we have mentioned, shows that the amount of the policy was $1,000.

The last question is whether the plaintiff failed to prove that the plaintiff was the beneficiary under the policy. The fact that the premium of $10 was returned to the plaintiff, and the further fact that the answer states that the application was in favor of the plaintiff as the beneficiary, show that it was error to direct a verdict on this ground.

Reversed.

MR. JUSTICE GAGE did not participate.